# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-51029

BRIAN CRANE,

Plaintiff - Appellant

v.

LITHIA TO, INCORPORATED, also known as Lithia Toyota of Odessa; LITHIA MOTORS SUPPORT SERVICES, INCORPORATED; LITHIA MOTORS, INCORPORATED,

Defendants - Appellees

United States Court of Appeals
Fifth Circuit
**FILED**
August 12, 2015

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:13-CV-16

Before STEWART, Chief Judge, and JONES and GRAVES, Circuit Judges.

PER CURIAM:*

Brian Crane appealed the Fed. R. Civ. P. 12(b)(6) dismissal of two whistleblower retaliation claims under separate but related federal statutes: the Sarbanes-Oxley Act of 2002 ("Sarbanes-Oxley Act"), 18 U.S.C. §1514A, and the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010 ("Dodd-Frank Act"), 15 U.S.C. §78u-6.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-51029

Our thorough review of the briefs in this case, the pertinent parts of the record, the applicable law, and the arguments of counsel reveals no error. The district court properly held that Crane failed to state a claim that he engaged in activity protected by the Sarbanes-Oxley Act because he did not plausibly allege he had a reasonable belief that the reported conduct was a violation of federal wire, mail, or securities fraud statutes. Likewise, the district court correctly determined that Crane's failure to show he could plausibly recover under any of the anti-retaliation provisions of the Dodd-Frank Act warranted dismissal of that claim. We, therefore, affirm the district court's dismissal of both claims.

AFFIRMED.